UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JASON C. FRITTON, MAREA GIBSON, BRIAN W. MOTZENBEEKER, DAWN DUFF, and CHRISTOPHER SHEARMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TAYLOR CORPORATION, the BOARD OF DIRECTORS OF TAYLOR CORPORATION, the FIDUCIARY INVESTMENT COMMITTEE, and JOHN DOES 1-30,<br><br>Defendants. | Civil Action No. 22-cv-00415<br>Judge Eric C. Tostrud<br>Mag. Judge Tony N. Leung |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Plaintiffs' Amended Complaint does not fix any of the problems this Court identified with Plaintiffs' "excessive-recordkeeping-fees claim," nor any of the other issues Defendants raised regarding Plaintiffs' other investment-based claims. (*See* ECF No. 55-1 ("Ex. A").) Plaintiffs' Opposition fares no better. It largely ignores the Court's prior Order and Eighth Circuit precedent, and fails to address many of Defendants' arguments. Plaintiffs cannot skirt the Eighth Circuit's "meaningful benchmark" pleading requirement with conclusory allegations that "costs are too high, or returns are too low." (ECF No. 49 ("Order") at 3.)  For the reasons discussed in Defendants' Motion and herein, all of Plaintiffs' claims should be dismissed with prejudice. *See, e.g.*, *Riley v. Olin Corp. ("Riley*

*II"*), No. 4:21-cv-01328-SRC, 2023 U.S. Dist. LEXIS 11771 (E.D. Mo. Jan. 24, 2023) (dismissing similar breach of fiduciary duty claims brought by Plaintiffs' counsel).

## ARGUMENT

### I. Plaintiffs' Admitted Ignorance About the Committee's Process Renders Their Allegations Implausible.

To allege a plausible breach of fiduciary duty claim, Plaintiffs must allege *facts* from which the Court may "infer . . . that the [Committee's] process was flawed." (Order at 3 (citation omitted).) Though Plaintiffs contend they are drawing "reasonable inferences" (AC ¶ 102), such inferences are not based on any facts or knowledge.[1] Plaintiffs *admit* they do not know the Committee's process for selecting, monitoring, and removing Plan investments or monitoring Plan fees. (*See id.* ¶ 101.) As a result, Plaintiffs' allegations that the Committee "did not adhere to fiduciary best practices," "failed to consider" certain options, or "failed to monitor" the Plan cannot be *plausible* because Plaintiffs, admittedly, are speculating. (*See id.* ¶¶ 2, 55, 75, 82, 87, 137, 146-152); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (plausibility is "more than a sheer possibility").

---

[1] Plaintiffs argue they should be excused from alleging any *facts* regarding the Committee's process because Defendants "refused to produce any documents that would have revealed [the Committee's] actual fiduciary process." (Opp. at 8-10.) This is a red herring. Plaintiffs are not entitled to the Committee's minutes. (*See* ECF No. 54 ("Motion") at 6 n.2.) Nor are they entitled to an adverse inference because Defendants did not produce minutes they *are not required* to produce. *See* 29 U.S.C. § 1024(b). Notably, Plaintiffs cite nothing supporting their disingenuous position. (*See* Opp. at 8-10.)

II. **Plaintiffs Have Not Addressed the Problems the Court Identified With Their Excessive-Recordkeeping-Fees Claim.**

To allege an "excessive-recordkeeping-fees claim," Plaintiffs must plausibly allege: (1) the services the Plan offers and how much participants pay, ***and*** (2) "factual allegations . . . that the fees for these services are too high in relation to a meaningful benchmark. . . .'" (Order at 14-15 (quoting *Matousek v. MidAmerican Energy Co.*, 51 F.4th 274, 279 (8th Cir. 2022).) Plaintiffs completely disregard this Court's Order, and clear Eighth Circuit precedent, and even contend "there is no requirement to provide comparators to state a claim for excessive fees." (Opp. at 26 n.14.) Plaintiffs' refusal to accept the Eighth Circuit's pleading requirement is telling.

Plaintiffs' recordkeeping fee claim is based on the conclusory allegation that the plan participants paid, on average, $83. (AC ¶ 84 .) Defendants dispute that Plaintiffs have plausibly alleged participants paid more than $42. (*See id.* ¶ 54; Motion at 8 n.5.)[2] Indeed, Defendants explained how the Plan's disclosures and the Form 5500s do not support Plaintiffs' math. (Motion at 8 n.5.) Plaintiffs side-step Defendants' arguments and contend they have "other authority" to support their $83 figure. (*See* Opp. at 26 n.13.) But this "other authority" is unidentified and not cited in the Amended Complaint, and because Plaintiffs allege no *facts* to support their $83 figure, it need not be accepted as true. *See Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).

---

[2] Contrary to Plaintiffs' suggestion, Defendants do not concede $83 is excessive or is what participants actually paid. (*See* Opp. at 26; *see also* ECF No. 39 at 10.)

Further, even accepting Plaintiffs' $83 figure as true for the purposes of this Motion, Plaintiffs have not plausibly alleged a "meaningful benchmark." (Order at 15.) Plaintiffs do not even argue in their Opposition that the "comparable plans" and "numerous authorities" cited in the Amended Complaint are meaningful benchmarks. *See Tate v. Scheidt*, No. 15-3115 (WMW/JSM), 2016 U.S. Dist. LEXIS 170312, at *18 (D. Minn. Oct. 7, 2016) ("A party's failure to oppose specific arguments in a motion to dismiss results in waiver of those issues."). And the Court has already held that the "comparable plans" "say nothing helpful about whether the [Plan's] recordkeeping fees are too high"[3] (Order at 18), and that Plaintiffs' "numerous authorities" are "not meaningful benchmarks" (*id.* at 17-20). Nor do Plaintiffs argue they have plausibly alleged the specific services offered by the comparator plans or that the Plan's recordkeeping fees were "excessive relative to the services rendered." *See Albert v. Oshkosh Corp.*, 47 F.4th 570, 579-580 (7th Cir. 2022); *Tate*, 2016 U.S. Dist. LEXIS 170312, at *18; *Probst v. Eli Lilly & Co.*, No. 1:22-cv-01106-JMS-MKK, 2023 U.S. Dist. LEXIS 19172, at *33 (S.D. Ind. Feb. 3, 2023) (dismissing recordkeeping fee claim based on conclusory allegations that all plans receive the same services); *Gonzalez v. Northwell Health, Inc.*, No. 20-CV-3256 (RPK) (RLM), 2022 U.S. Dist. LEXIS 180110, at *29-38 (E.D.N.Y. Sept. 30, 2022) (dismissing similar recordkeeping fee claim); *Riley II*, 2023 U.S. Dist. LEXIS 11771, at *7-10 (same).

---

[3]   *See also Jones v. Dish Network Corp.*, No. 22-167 (ECF No. 72 at 21-22) (D. Colo. Jan. 31, 2023) (citing this Court's Order in support of dismissing similar recordkeeping claim).

Instead, Plaintiffs now rely *solely* on the NEPC 2019 Defined Contribution Progress Report. (Opp. at 27.) But this Court and the Eighth Circuit have already rejected this very NEPC Report as insufficient. (Order at 18-19); *Matousek v. Midamerican Energy Co.*, No. 4-20-cv-352-CRW-SHL (ECF No. 20-26) (S.D. Iowa Mar. 12, 2021); *Matousek*, 51 F.4th at 280; *see also Riley II*, 2023 U.S. Dist. LEXIS 11771, at *7-10.[4]

Finally, Plaintiffs contend the Committee breached their duties by failing to conduct an RFP. (Opp. at 25 n. 12.) But there is no duty to conduct an RFP. *Albert*, 47 F.4th at 579; *Probst*, 2023 U.S. Dist. LEXIS 19172, at *30; *Riley II*, 2023 U.S. Dist. LEXIS 11771, at *9-10. And, like the Original Complaint, Plaintiffs again only allege "there is nothing to suggest" the Committee conducted an RFP but the Committee "could have" done so. (AC ¶¶ 103-104, 106.) Plaintiffs did not amend these conclusory allegations, and this Court previously determined that "[t]hese allegations do not plausibly show a fiduciary breach." (*See* Order at 20 (alleging "'there is nothing to suggest' that Defendants engaged in an RFP process seems to be another way of speculating this did not happen, and that is insufficient under Rule 12(b)(6)")); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 567 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). Further, even if there were a duty to conduct an RFP, not doing so, by itself, does not demonstrate the Plan's recordkeeping fee was "too high in relation to a meaningful benchmark," which

---

[4]   The citation in Plaintiffs' Opposition is also not the same as Paragraph 88 of the Amended Complaint. (*Compare* AC ¶ 88 *with* Opp. at 27 n.15.) But even if the report explains *the different methods* to pay administrative fees generally (Opp. at 27 n.15), Plaintiffs still do not allege "*how [the NEPC Report] calculated* per-participant recordkeeping fees." (*See* AC ¶ 87-89; Order at 18-19.)

Plaintiffs fail to allege. (*See* Order at 14-15); *see also Probst*, 2023 U.S. Dist. LEXIS 19172, at *30 (not conducting competitive bidding is insufficient to state a claim).

### III. **Plaintiffs Do Not Plausibly Allege the Plan's Funds Were Too Expensive.**

Plaintiffs argue that alleging the Plan's investments are more expensive than the ICI median plausibly alleges a claim, and whether the ICI median is a "meaningful benchmark" cannot be decided on a Rule 12(b)(6) motion. (Opp. at 10-11.) But Plaintiffs must *allege* a "meaningful benchmark" to state a plausible breach of fiduciary duty claim (Order at 3), and numerous courts have held ICI data is not a meaningful benchmark when considering a Rule 12(b)(6) motion to dismiss. (Motion at 15 (collecting cases)); *Riley II*, 2023 U.S. Dist. LEXIS 11771, at *3, *16 (rejecting ICI median).

Further, Plaintiffs' conclusory allegations that Defendants imprudently chose mutual funds with higher cost share classes does not state a plausible breach of fiduciary duty claim. (*See* AC ¶¶ 130-131.) Plaintiffs acknowledge different share classes of funds are not identical because some offer revenue sharing while others do not. (*Id.* ¶¶ 54-55, 75, 78.) Plaintiffs allege the Plan utilizes revenue sharing (*id.* ¶¶ 54-55), that revenue sharing helps participants pay for recordkeeping expenses (*id.* ¶ 75), and revenue sharing is common and acceptable. (*See id.*); *Riley II*, 2023 U.S. Dist. LEXIS 11771, at *7 ("a revenue-sharing fee model does not imply imprudence").[5] Thus, Plaintiffs' allegations are

---

[5] These allegations make this case distinguishable from *Schave v. CentraCare Health Sys.*, No. 22-cv-1555 (WMW/LIB), 2023 U.S. Dist. LEXIS 13786 (D. Minn. Jan. 27, 2023), but that court also dismissed a similar expensive investments claim and underperformance claim with prejudice and denied a similar request for leave to amend. *See id.* at *13-19.

not plausible because they are entirely consistent with *admittedly lawful conduct*. *Twombly*, 550 U.S. at 567 (an allegation is not plausible if there is an "obvious alternative explanation"); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 597 (8th Cir. 2009) ("[W]here there is a concrete, 'obvious alternative explanation' for the defendant's conduct . . . a plaintiff may be required to plead additional facts tending to rule out the alternative."); *see also* (Motion at 16); *Mator v. Wesco Distrib., Inc.*, No. 2:21-CV-00403-MJH, 2021 U.S. Dist. LEXIS 190577, at *20 (W.D. Pa. Oct. 4, 2021); *Mator v. Wesco Distrib., Inc.*, No. 2:21-CV-00403-MJH, 2022 U.S. Dist. LEXIS 147802, at *27 (W.D. Pa. Aug. 18, 2022), *appeal filed* (No. 22-2552) (3d Cir. Aug. 23, 2022).[6]

In response, Plaintiffs acknowledge that "without discovery, it is impossible to assess whether revenue sharing" was a benefit or detriment to participants. (Opp. at 16.) Plaintiffs again admit they are speculating. *See Twombly*, 550 U.S. at 567; *Probst*, 2023 U.S. Dist. LEXIS 19172, at *47-48 ("[T]he Court is disturbed by Ms. Probst's statement that 'it is impossible to know without discovery'" whether certain actions occurred and dismissed such claim with prejudice.)

IV. **Plaintiffs' CIT Claim Fails Because CITs Are Not Meaningful Benchmarks to Mutual Funds.**

Plaintiffs argue CITs are cheaper and therefore should have been offered (*see* Opp. at 17-18), which is insufficient to state a plausible claim. *See Matousek*, 51 F.4th at 278

---

[6] Plaintiffs argue that Defendants "belatedly converted to the lower cost Columbia Mid Cap Index 'I' share class." (Opp. at 14 n.4.) This is not alleged in the Amended Complaint, nor do Plaintiffs allege or argue when the lower cost share class first became available. (*See id.*)

(claims must allege more than "costs are too high" to be plausible); *Meiners v. Wells Fargo & Co.*, 898 F.3d 820, 823-24 (8th Cir. 2018) (that a cheaper fund exists does not make a particular fund too expensive or imprudent). CITs are not meaningful comparators to mutual funds, and courts have repeatedly rejected this *exact same claim*. (Motion at 21 (collecting cases)); *see also Riley II*, 2023 U.S. Dist. LEXIS 11771, at *17.[7] Further, while Plaintiffs cite one out of circuit case finding otherwise (Opp. at 20), merely alleging the Plan "would have qualified" for the CIT version of the T. Rowe Price funds is conclusory and need not be accepted as true. *Glick*, 944 F.3d at 717. Finally, although there is no duty to investigate CITs (Motion at 20), Plaintiffs cannot plausibly allege the Committee failed to consider CITs because they admit they do not know. (*See* AC ¶¶ 101, 120.)

### V. Plaintiffs' Underperformance Claim is Fatally Flawed for Several Reasons.

Plaintiffs lack Article III standing to assert any claim related to the Victory Fund. (*See* Motion at 22-23); *see also Jones*, No. 22-167 (ECF No. 72 at 18) (plaintiffs lack standing to challenge fund in which they did not invest). But Plaintiffs' Underperformance Claim is also without merit for several reasons.

First, arguing a fund underperformed compared to "historical results" is the definition of impermissible hindsight. (*See* Opp. at 21.)[8]

---

[7] Plaintiffs contend the court in *Riley* was "internally inconsistent." (Opp. at 20 n.9.) This is not true. The court consistently found plaintiffs' claims were insufficient, including the CIT claim. *Compare Riley v. Olin Corp.*, No. 4:21-cv-01328, 2022 U.S. Dist. LEXIS 109423, at *18 (E.D. Mo. June 21, 2022) *with Riley II*, 2023 U.S. Dist. LEXIS 11771, at *19.

[8] *See Tussey v. ABB, Inc.*, 746 F.3d 327, 338 (8th Cir. 2014) (reversing district court decision based on impermissible hindsight); *Pizarro v. Home Depot, Inc.*, No. 1:18-cv-01566-SDG, 2022 U.S. Dist. LEXIS 181884, at *64-66 (N.D. Ga. Sept. 30, 2022); *Reetz*

Second, Plaintiffs do not allege or argue *why* their selected Morningstar benchmark is a "meaningful benchmark." (Opp. at 22.) Instead, Plaintiffs ignore Eighth Circuit precedent and argue that whether their benchmark is meaningful is an issue of fact. (*Id.*) This is Plaintiffs' pleading burden, not an issue of fact. *Meiners*, 898 F.3d at 823 (considering whether plaintiff alleged "meaningful benchmark" on Rule 12(b)(6) motion to dismiss); *Riley II*, 2023 U.S. Dist. LEXIS 11771, at *10 (same). Further, the fact that the Morningstar benchmark did not exist prior to 2020 negates any inference that "Defendants had access to information regarding such sustained underperformance" and ignored it. (*See* Opp. at 23; AC ¶¶ 137-138.)

Third, Plaintiffs' comparator funds are not meaningful benchmarks because actively managed funds are not meaningful comparators to passively managed funds, and funds with entirely different investment strategies are not meaningful comparators. (*See* Opp. at 23); *Davis v. Wash. Univ. in St. Louis*, 960 F.3d 478, 485 (8th Cir. 2020); *Parmer v. Land O'Lakes, Inc.*, 518 F. Supp. 3d 1293, 1306 (D. Minn. 2021). And Plaintiffs are simply incorrect that the Court may not consider these arguments at this time. (*See id.*)

Fourth, Plaintiffs do not dispute that the Victory Fund **outperformed** its prospectus benchmark (Russell 2000 Value Index) as of September and December 2022. Instead, they

---

*v. Lowe's Cos., Inc.*, No. 5:18-CV-00075, 2021 U.S. Dist. LEXIS 195803, at *163-64 (W.D.N.C. Oct. 12, 2021) (arguments "based on historical results rather than market / asset allocation forecasts at the time of the selection of the fund" were impermissible hindsight, because fiduciary conduct is measured at the time of investment selection not post-hoc accounting of investment performance); *White v. Chevron Corp.*, No. 16-cv-0793-PJH, 2016 U.S. Dist. LEXIS 115875, at *24 (N.D. Cal. Aug. 29, 2016) *aff'd* 752 F. App'x 453, 455 (9th Cir. 2018).

argue this outperformance occurred at "a different time period than alleged in the Complaint." (Opp. at 24.) But Plaintiffs' putative class period is "February 14, 2016 through the date of judgment." (AC ¶ 1 n.2.) This outperformance demonstrates Plaintiffs artfully chose September 30, 2021, as the date to analyze the Victory Fund's performance and that this claim is meritless. (*See* Motion at 27 (collecting cases dismissing underperformance claims where challenged fund outperformed).)

Finally, Plaintiffs do not address Defendants' argument that the Victory Fund's alleged "underperformance" is not "substantial," therefore any argument is waived. *See Tate*, 2016 U.S. Dist. LEXIS 170312, at *18; (Motion at 27-28 (collecting cases dismissing underperformance claims without allegations of "substantial" underperformance)); *see also Evans v. Associated Banc-Corp*, No. 21-C-60, 2022 U.S. Dist. LEXIS 178430, at *20-23 (E.D. Wis. Sept. 30, 2022) (dismissing underperformance claim that failed to allege "substantial" underperformance); *Gonzalez*, 2022 U.S. Dist. LEXIS 180110, at *22-28 (same); *Jones*, No. 22-167 (ECF No. 72 at 32-34) (same).

## VI.   Plaintiffs' Derivative Claims are Meritless.

Plaintiffs do not argue they are asserting a co-fiduciary liability claim, thereby waiving any such claim. (Opp. at 28-29); *see Tate*, 2016 U.S. Dist. LEXIS 170312, at *18.

Plaintiffs' "loyalty claim" is without merit. Plaintiffs do not expressly allege a loyalty claim. (*See* Count I; Count II.) Nevertheless, the Amended Complaint includes the word "loyalty" only twice (AC ¶¶ 2, 144),[9] and Plaintiffs' "loyalty claim" fails because it

---

[9]   Plaintiffs characterize Defendants as "Prudence/Loyalty Defendants" even though Count I is only entitled "Breaches of Fiduciary Duty of Prudence." (AC ¶ 144.) Plaintiffs

-10-

is purportedly based solely on the allegations in support of their prudence claims, and Plaintiffs do not allege Defendants engaged in self-dealing. (*See* Motion at 28-29); *see also Beldock v. Microsoft Corp.*, No. C22-1082JLR, 2023 U.S. Dist. LEXIS 20566, at *22 (W.D. Wash. Feb. 7, 2023); *Jones*, No. 22-167 (ECF No. 72 at 35-36).

Plaintiffs again *argue* that "Defendants acted in a way that would save themselves costs" or "in a way that favored Merrill Lynch."[10] (Opp. at 28.) But the Amended Complaint does not contain any such allegations, or any facts supporting these arguments, and Plaintiffs cannot amend their (already) Amended Complaint through their Opposition. *Morgan Distrib. Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989).

Finally, Plaintiffs' monitoring claim is entirely derivative of their other claims and should be dismissed because Plaintiffs' other claims fail. (Motion at 29.) However, even if one of Plaintiffs' claims were to survive, Plaintiffs allege *no facts* to support their conclusory allegation that the Board did not monitor the Committee. (*See* AC ¶¶ 1, 24, 28-30, 146-150(a)-(c).)

**VII.    Plaintiffs' Claims Should be Dismissed With Prejudice.**

This Court previously noted that requesting leave to amend solely in an opposition brief is procedurally improper and "invites risk." (Order at 25 (citing *Far E. Aluminum*

---

made this same characterization in their Original Complaint. (*See* ECF No. 1, ¶ 119.) Defendants previously noted that this appears to be a copied and pasted allegation from one of Plaintiffs' counsel's other lawsuits. (*See* ECF No. 39 at 13 (citing *Riley v. Olin Corp.*, No. 4:21-cv-01329-SRC (ECF No. 1, ¶ 117) (E.D. Mo. Nov. 9, 2021).) Despite this, Plaintiffs did not amend or add a single allegation to support their "loyalty claim".

[10]    Plaintiffs made these same arguments in their Opposition to Defendants' first Motion to Dismiss. (ECF No. 33 at 29.) These arguments were not alleged in the Original Complaint, which Defendants pointed out in their prior Reply brief. (ECF No. 39 at 13.)

*Works Co. Ltd. v. Viracon, Inc.*, 27 F.4th 1361, 1367 (8th Cir. 2022) (failure to comply with local rules "is reason enough to deny leave to amend").) Despite this warning, Plaintiffs once again request leave to amend in the last paragraph of their Opposition and without complying with L.R. 7-1 and 15-1. (Opp. at 38.) Plaintiffs' improper and procedurally deficient request for leave to amend should be denied.

Moreover, the arguments raised in the present Motion are nearly identical to Defendants' Original Motion. (*See* ECF Nos. 24, 39.) And the Court has already granted Plaintiffs an opportunity to address "the merits-based shortcomings of the remaining theories identified in Defendants' [Original Motion]." (Order at 24.) Plaintiffs chose not to do so, instead essentially standing on their initial allegations. (*See* Ex. A.) Enough is enough. Plaintiffs' request for a third opportunity to state a claim should be denied. (*See* Order at 24 (dismissal with prejudice is "typically appropriate" where there are "'persistent pleading failures' despite one or more opportunities to amend. . . .") (citations omitted).)

## CONCLUSION

For the foregoing reasons, and those expressed in their Motion, Defendants respectfully request that the Court dismiss Plaintiffs' Amended Complaint in its entirety, with prejudice.

-13-

Respectfully submitted March 1, 2023.

| **SAUL EWING, LLP** | **ALSTON & BIRD LLP** |
|---|---|
| | Emily S. Costin (*pro hac vice*) |
| */s/ Steven C. Kerbaugh* | D.C. Bar No. 500201 |
| Steven C. Kerbaugh (MN #0390429) | The Atlantic Building |
| 33 South Sixth Street, Suite 4750 | 950 F Street, NW |
| Minneapolis, MN 55402 | Washington, DC 20004-1404 |
| Telephone: (612) 225-2946 | Tel: (202) 239-3300 |
| Facsimile: (612) 677-3844 | Fax: (202) 239-3333 |
| Steven.kerbaugh@saul.com | emily.costin@alston.com |
| | |
| | R. Blake Crohan (*pro hac vice*) |
| | GA Bar No. 512642 |
| *Attorneys for Defendants Taylor Corporation, Board of Directors of Taylor Corporation and Fiduciary Investment Committee* | Margaret E. Studdard (*pro hac vice*) |
| | GA Bar No. 356265 |
| | One Atlantic Center |
| | 1201 West Peachtree Street |
| | Atlanta, GA  30309-3424 |
| | Tel: (404) 881-7000 |
| | Fax: (404) 881-7777 |
| | blake.crohan@alston.com |
| | ellie.studdard@alston.com |