# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jason C. Fritton, Marea Gibson, Brian W. Motzenbeeker, Dawn Duff, and Christopher Shearman, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Taylor Corporation, the Board of Directors of Taylor Corporation, the Fiduciary Investment Committee, and John Does 1-30,<br><br>Defendants. | Case No. 22-CV-415 (JMB/TNL)<br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT** |

This matter is before the Court on Plaintiffs Jason C. Fritton, Marea Gibson, Brian Motzenbeeker, Dawn Duff, and Christopher Shearman's ("Plaintiffs") Motion for Preliminary Approval of the Class Action Settlement and Notice Plan ("Settlement"). (Doc. No. 83.)

Plaintiffs have asserted claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"), with respect to the Taylor Corporation 401(k) Plan (the "Plan") against Defendants Taylor Corporation, the Board of Directors of Taylor Corporation, and the Fiduciary Investment Committee ("Defendants"). (Doc. No. 50.) The terms of the Settlement are set out in a

1

Stipulation of Settlement executed on April 4, 2024 (the "Stipulation"), which has been signed by Plaintiffs and their Counsel on behalf of the proposed Settlement Class, signed by Defendants and their Counsel, and was attached as Exhibit A to the Declaration of Eric Lechtzin. (Doc. No. 86-1.) Unless otherwise noted, all capitalized terms shall have the same meaning as in the Stipulation. (Doc. No. 86-1.) Plaintiffs and Defendants are referred to herein collectively as the "Parties." The "Settlement Class" is defined in this Order below.

Based on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

**Jurisdiction**. The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Members of the Settlement Class.

**Class Findings**. The Court preliminarily finds, for purposes of the Settlement, that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court, and any other applicable law have been met as to the Settlement Class, in that:

(a) The Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.

(b) Based on allegations in Plaintiffs' Amended Complaint (the "Amended Complaint"), the Court preliminarily finds that there are one or more questions of fact and/or law common to the Settlement Class.

(c) Based on allegations in the Amended Complaint, the Court preliminarily finds that the claims of Plaintiffs are typical of the claims of the Settlement Class.

(d) Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of Plaintiffs and the nature of their alleged claims are consistent with those of the Members of the Settlement Class; (ii) there are no significant conflicts between or among Plaintiffs and the Settlement Class; and (iii) Plaintiffs are represented by qualified, reputable counsel who are experienced in preparing and prosecuting ERISA class actions of this type.

(e) The prosecution of separate actions by individual Members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual class members, that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Action; or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests.

**<u>Class Certification</u>**.  Based on the findings set out above, the Court **PRELIMINARILY CERTIFIES** the following Settlement Class for settlement purposes under Federal Rule of Civil Procedure 23(b)(1) in this litigation (hereinafter the "Settlement Class"):

> All persons, except Defendants and their immediate family members, and the Court and Court staff handling this matter, who were participants in or beneficiaries of the Plan at any time between February 14, 2016, and the Date of Preliminary Approval.

The "Class Period" is February 14, 2016, through the date of this Order.

The Court finds that the Settlement Class is sufficiently well-defined and cohesive to warrant certification as a non-opt-out class under Fed. R. Civ. P. 23(a) and 23(b)(1). As required by Fed. R. Civ. P. 23(g), the Court has considered: (i) the work Class Counsel has done in identifying or investigating potential claims in this Action; (ii) Class Counsel's experience in handling class actions, other complex litigation, and claims of the type

3

asserted in this Action; (iii) Class Counsel's knowledge of the applicable law and, in particular, its knowledge of ERISA as it applies to claims of the type asserted in this Action; and (iv) the resources Class Counsel has committed to representing the class. Based on these factors, the Court finds that Class Counsel has and will continue to represent fairly and adequately the interests of the Settlement Class. Accordingly, pursuant to Federal Rule of Civil Procedure 23(g)(2), the Court preliminarily designates Edelson Lechtzin LLP and Capozzi Adler P.C. as co-lead counsel and Gustafson Gluek PLLC as Plaintiffs' local Counsel (collectively, "Class Counsel") with respect to the Settlement Class in this Action.

As indicated above, the Court finds that Plaintiffs are adequate and typical class representatives for the Settlement Class and, therefore, hereby appoints Plaintiffs Jason C. Fritton, Marea Gibson, Brian Motzenbeeker, Dawn Duff, and Christopher Shearman as the representatives of the Settlement Class.

The Court having determined preliminarily that this Action may proceed as a non-opt out class action under Fed. R. Civ. P. 23(a) and 23(b)(1), Members of the Settlement Class shall be bound by any judgment concerning the Settlement in this Action, subject to the Court's final determination as to whether this Action may so proceed.

**Preliminary Approval of Settlement**. The Settlement documented in the Stipulation is hereby **PRELIMINARILY APPROVED**, as the Court preliminarily finds that: (a) the proposed Settlement resulted from arm's-length negotiations; (b) the Stipulation was executed only after Class Counsel had researched and investigated multiple legal and factual issues pertaining to Plaintiffs' claims; (c) there is a genuine controversy between the Parties involving Defendants' compliance with the fiduciary requirements of

4

ERISA; (d) the Settlement appears on its face to be fair, reasonable, and adequate; and (e) the Settlement, evidenced by the Stipulation, is sufficiently fair, reasonable, and adequate to warrant sending notice of the Action and the Settlement to the Settlement Class.

**Plan of Allocation.** The Court preliminarily finds that the proposed Plan of Allocation is fair, reasonable, and adequate.

**Fairness Hearing**. A hearing (the "Fairness Hearing") pursuant to Fed. R. Civ. P. 23(e) is hereby **SCHEDULED** to be held before the Court on **August 6, 2024, at 11:00 a.m. in Courtroom 3A** at the United States District Court for the District of Minnesota, 316 North Robert Street, St. Paul, MN 55101 to determine finally, among other things:

(a) Whether the Settlement should be approved as fair, reasonable, and adequate;

(b) Whether the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23 and should be finally certified as preliminarily found by the Court;

(c) Whether the litigation should be dismissed with prejudice pursuant to the terms of the Stipulation;

(d) Whether the Final Approval Order attached to the Stipulation should be entered and whether the Releasees should be released of and from the Released Claims, as provided in the Stipulation;

(e) Whether the notice and notice methodology implemented pursuant to the Stipulation (i) were reasonably calculated, under the circumstances, to apprise Members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing; (ii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iii) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

(f) Whether Class Counsel adequately represents the Settlement Class for purposes of entering into and implementing the Stipulation as required by Fed. R. Civ. P. 23(g) and as preliminarily found by the Court;

(g) Whether the proposed Plan of Allocation of the Net Settlement Fund is fair, reasonable, and adequate and should be approved by the Court;

(h) Whether the Settlement has been negotiated at arm's length by Class Counsel on behalf of the Plans and the Settlement Class, whether Plaintiffs have acted independently, whether Plaintiffs' interests are identical to the interests of the Plans and the Settlement Class, and whether the negotiations and consummation of the Settlement by Plaintiffs on behalf of the Plans and the Settlement Class do not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b), including whether Prohibited Transaction Exemption 2003-39 or another class exemption from the prohibited transaction rules applies;

(i) Whether the application for attorneys' fees and expenses to be filed by Class Counsel should be approved;

(j) Whether case contribution awards should be awarded to Plaintiffs; and

(k) Any other issues necessary for approval of the Settlement.

**Class Notice**.  The Parties have presented to the Court a proposed Class Notice, which is appended to the Stipulation as Exhibit 2.  The Court **APPROVES** the form and content of the Class Notice finding that it fairly and adequately: (1) describes the terms and effect of the Stipulation and of the Settlement; (2) gives notice to the Settlement Class of the time and place of the Fairness Hearing; and (3) describes how the recipients of the Class Notice may object to approval of the Settlement.  The Parties have proposed sending the notice to Members of the Settlement Class via U.S. Mail, and the Court finds that such proposed manner is adequate.  By no later than 60 days before the Fairness Hearing, Plaintiffs shall cause the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be disseminated via U.S. Mail to the last known address of each Member of the Settlement Class who can be identified by

reasonable effort. At or before the Fairness Hearing, Class Counsel shall file with the Court a proof of timely compliance with the foregoing mailing requirements.

**Objections to Settlement**. "Objector" shall mean any Member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to the Plan of Allocation, to any term of the Stipulation, to the proposed case contribution awards, or to the proposed award of attorney fees and expenses. Any Objector must file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support or evidence that such Objector wishes to bring to the Court's attention or introduce in support of such objection. Any objection must be signed by the Settlement Class member. The Objector must also mail the objection and all supporting law and evidence to counsel for the Parties, as stated below. The addresses for filing objections with the Court and service on counsel are as follows:

| **COURT CLERK** | **PLAINTIFFS' COUNSEL** | **DEFENDANTS' COUNSEL** |
|---|---|---|
| Clerk | Eric Lechtzin | Blake Crohan |
| Warren E. Burger | Marc H. Edelson | 1201 W Peachtree Street |
| Federal Building and | Edelson Lechtzin LLP | Atlanta, GA 30309 |
| U.S. Courthouse | 411 S. State Street, Suite N-300 | Alston & Bird, LLP |
| 316 North Robert Street - Suite 100 | Newtown, PA 18940 | |
| St. Paul, MN 55101 | | |

The Objector, or, if represented by counsel, his, her, or its counsel, must both effect service of the objection on counsel listed above and file the objection with the Court at least fourteen (14) calendar days prior to the Fairness Hearing, or by no later than July 23, 2024. Any Member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to

have waived, and shall be foreclosed from raising, any objection to the Settlement and any untimely objection shall be barred.

**Appearance at Fairness Hearing**.  An Objector who files and serves a timely, written objection in accordance with the paragraph above may also appear at the Fairness Hearing either in person or through counsel retained at the Objector's expense.  Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a "Notice of Intention to Appear" setting forth, among other things, the name, address, and telephone number of the Objector (and, if applicable, the name, address, and telephone number of the Objector's attorney).  The Notice of Intention to Appear must be filed with the Court and provided to Class Counsel and Defendants' counsel at least fourteen (14) calendar days prior to the Fairness Hearing, or by no later than July 23, 2024.  Any Objector who does not timely file and serve a "Notice of Intention to Appear" in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.  The Parties' counsel shall promptly furnish each other with copies of any and all Objections and Notices of Intention to Appear that come into their possession.

**Response to Objectors.**  The Parties shall respond to any Objector at least seven (7) calendar days prior to the Fairness Hearing, or by no later than July 30, 2024.

**Compliance with Class Action Fairness Act.**  Defendant shall, on or before ten (10) calendar days prior to the Fairness Hearing, file with the Court proof of compliance with the Class Action Fairness Act of 2005, as specified in 28 U.S.C. § 1715 and paragraph 3 of the Stipulation.

**Notice Expenses**.  Reasonable expenses of effectuating Class Notice shall be paid out of the Settlement Fund.

**Fees and Expenses Incurred by the Independent Fiduciary and Settlement Administrator**.  The Court understands that Defendants have retained or will retain an Independent Fiduciary for the purpose of evaluating the Settlement to determine whether to authorize the Settlement on behalf of the Plan.  The fees and expenses incurred by the Independent Fiduciary, up to $15,000 (including fees and expenses incurred by consultants, attorneys, and other professionals retained or employed by the Independent Fiduciary) in the course of evaluating and authorizing the Settlement on behalf of the Plan (defined as the "Independent Fiduciary Fees Amount" in the Stipulation), shall be paid out of the Settlement Fund.  If the Independent Fiduciary Fees Amount exceeds $15,000, any excess shall be borne and paid for equally between the Settlement Fund and Defendants.  The expenses incurred by the Settlement Administrator in administering the Settlement and allocating the Settlement Fund pursuant to the Plan of Allocation approved by the Court, including any payable expenses of the Settlement Administrator, shall also be paid out of the Settlement Fund.

**Application for Attorneys' Fees**.  Any application by Class Counsel for attorneys' fees and reimbursement of expenses, for case contribution awards to the Plaintiffs, and all papers in support thereof, shall be filed with the Court and served on all counsel of record at least twenty-eight (28) calendar days prior to the Fairness Hearing, or by no later than July 9, 2024.

**Motion for Final Approval of Settlement and Plan of Allocation**.  Class Counsel shall file with the Court a motion for entry of the Final Approval Order and approval of the Plan of Allocation at least twenty-eight (28) calendar days prior to the Fairness Hearing, or by no later than July 9, 2024.

**Injunction**.  Pending final determination of whether the Settlement should be approved, all Members of the Settlement Class and the Plan are each hereby **BARRED AND ENJOINED** from instituting or prosecuting any action that asserts any Released Claim against any Releasees.

**Termination of Settlement**.  If the Settlement is terminated in accordance with the Stipulation or does not become Final under the terms of the Stipulation for any other reason, this Order and all Class Findings shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order.

**Use of Order**.  In the event this Order becomes of no force or effect, no part of it shall be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability, nor shall the Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have.

**Continuance of Hearing**. The Court reserves the right to continue the Fairness Hearing, or to hold the Fairness Hearing by remote means, without further written notice.

Dated: April 24, 2024

/s/ Jeffrey M. Bryan
Judge Jeffrey M. Bryan
United States District Court