UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| JASON C. FRITTON, MAREA GIBSON, BRIAN W. MOTZENBEEKER, DAWN DUFF, and CHRISTOPHER SHEARMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TAYLOR CORPORATION, the BOARD OF DIRECTORS OF TAYLOR CORPORATION, the FIDUCIARY INVESTMENT COMMITTEE, and JOHN DOES 1-30,<br><br>Defendants. | Civil Action No. 22-cv-00415<br><br>Judge Jeffrey M. Bryan<br><br>Mag. Judge Tony N. Leung |

**DECLARATION OF ERIC LECHTZIN IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT AND FOR AWARDS OF ATTORNEYS' FEES, EXPENSES AND CASE CONTRIBUTION AWARDS TO PLAINTIFFS**

I, Eric Lechtzin, hereby declare under penalty of perjury of the laws of the United States as follows:

1. I submit this declaration in support of (a) Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, Certification of Settlement Class, and Approval of Plan of Allocation; and b) Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Case Contribution Awards to Plaintiffs, in the above-captioned action.

2. I am a Managing Partner at the law firm of Edelson Lechtzin LLP and co-counsel for Plaintiffs in the above-captioned class action lawsuit. I am an active member

in good standing of the bars of the State of California, the State of New Jersey, and the Commonwealth of Pennsylvania.

3. Prior to forming Edelson Lechtzin LLP in May 2020, I was a Shareholder at Berger Montague PC, in Philadelphia, Pennsylvania, where my practice focused on ERISA, securities fraud, and consumer protection class action litigation. I have served as the Pennsylvania State Chair for the National Association of Consumer Advocates since 2017. I have been named a "Super Lawyer" in Pennsylvania for Class and Mass Tort Litigation every year since 2017, and I am rated "AV Preeminent" by Martindale-Hubbell.

4. I lead Edelson Lechtzin LLP's ERISA class action practice. The firm's successes in ERISA litigation include the following: *Hundley v. Henry Ford Health System*, No. 2:21-cv-11023-SFC-EAS (E.D. Mich.) ($5 million settlement); *Gotta v. Stantec Consulting Servs. Inc.*, No. 20-cv-01865-PHX-GMS (D. Ariz. 2024) ($2 million settlement); *Moler v. Univ. of Maryland Med. Sys.*, No. 1:21-CV-01824 (D. Md.) ($3.25 million settlement); *Gaines v. BDO USA, LLP*, No. 1:22-cv-01878 (N.D. Ill. 2024) ($2.25 million settlement); *Parker v. GKN N. Am. Servs., Inc.*, No. 21-cv-12468 (E.D. Mich.) ($2.95 million settlement–preliminary approval pending); *Crawford v. CDI Corporation*, No. 2:20-cv-03317-CFK (E.D. Pa. 2020) ($1.8 million settlement); *McNeilly v. Spectrum Health System*, No. 1:20-cv-00870-JMB-PJG (W.D. Mich. 2023) ($6 million settlement); *Davis v. Washington Univ. in St. Louis*, No. 4:17-cv-01641-RLW (E.D. Mo. 2022) ($7.5 million settlement); *Bilello v. Estee Lauder Inc.*, No. 1:20-cv-04770 (S.D.N.Y. 2024) ($975,000 settlement); *Dover v. Yanfeng US Automotive Interior Systems I LLC*, No. 2:20-cv-11643 (D. Mich. 2023) ($990,000 settlement); *Short v. Brown University*, No. 17-cv-

0318 WES (D.R.I. 2019) ($3.5 million class settlement); and *Daugherty v. University of Chicago*, No. 17-cv -3736 (N.D. Ill. 2018) ($6.5 million class settlement). In each of these cases, my firm's then-current rates were approved by the court.

5. With respect to the instant litigation, I am the partner in charge of overseeing this case at Edelson Lechtzin LLP. In this role, I investigated the publicly available information concerning the Taylor Corporation 401(k) Plan (the "Plan") and investigated the facts underlying the claims in this action. This investigation included reviewing the Plan's annual reports on Form 5500, as well as reviewing participants' account statements, Plan documents and disclosures available to Plan participants through the Plan's online portal, and interviewing Plan participants. In addition, I reviewed documents produced by the Plan Administrator pursuant to Section 104 of ERISA.

6. My law firm, Edelson Lechtzin LLP, specializes in class action litigation in federal and state courts throughout the United States. The qualifications and experience of Edelson Lechtzin LLP's attorneys are detailed in the Firm Resume attached hereto as **Exhibit A**.

7. The attorneys at Edelson Lechtzin have extensive knowledge of the procedural and substantive law at issue in this case. In particular, the firm's lawyers are familiar with the intricacies of class action procedure and ERISA litigation practice.

8. The parties exchanged Rule 26(a)(1) disclosures on October 19, 2023. On November 1, 2023, Plaintiffs served their first sets of document requests and interrogatories on Defendants, and Defendants responded to each on December 1, 2023.

9. On December 4, 2023, Defendants served their first sets of document requests and interrogatories on each named Plaintiff, and Plaintiffs timely responded to each on January 17, 2024.

10. Defendants provided Plaintiffs with extensive documentation in response to Plaintiffs' document requests, including meeting investment committee minutes and materials considered by the investment committee.

11. To assess the potential value of the claims, Class Counsel retained a consulting expert with extensive experience evaluating losses and damages involving defined contribution retirement plans. The expert calculated a damage estimate based on Plaintiffs' claims in the case.

12. On January 30, 2024, the Parties participated in a full day Zoom mediation before Robert A. Meyer of JAMS. Counsel for Defendants and Plaintiffs submitted detailed mediation statements and participated in the mediation. Over the course of several weeks following the mediation, the parties continued their negotiations with the assistance of Mr. Meyer.

13. On February 28, 2024, the Parties reached an agreement in principle to resolve Plaintiffs' claims and those of the Class. Thereafter, the Parties negotiated the detailed terms of the Stipulation and exhibits thereto.

14. After reviewing all the relevant information, Plaintiffs determined Defendants' failure to utilize the lowest-cost share classes available to the Plan resulted in damages estimated at $5.1 million. This estimate reflected a best-case scenario for Plaintiffs and did not take into account any credits the Plan received from revenue sharing

arrangements. Plaintiffs would not be able to recover this amount unless Plaintiffs were successful in persuading the trier of fact that Plaintiffs' expert's analysis of damages was entirely correct and accurate, and all potential defenses were rejected. On the other hand, if the trier of fact were to agree with Defendants' analysis of damages and/or defenses, then Plaintiffs would potentially recover no damages whatsoever.

15. Plaintiffs also estimated – using a $50 per participant recordkeeping and administration fee as a reasonable rate, that losses to the Plan through 2022 were $2,148,042 before pre-judgment interest was added. However, this claim was dismissed and therefore is of minimal value in a settlement.

16. Defendants disagreed with Plaintiffs' calculation of damages and defended their decision to offer investment options with revenue sharing arrangements, which had higher gross expense ratios than share classes without revenue sharing, because all revenue sharing was credited back to the Plan and used to pay for recordkeeping and other administrative services, and any excess revenue sharing was distributed back to participants.

17. If the Settlement is not approved, a substantial amount of work will need to be completed, including completion of fact and expert discovery, class certification, dispositive motion practice, designation of witnesses and exhibits, preparation of pre-trial memoranda and proposed findings of fact and conclusions of law, presentation of witnesses and evidence at trial, and, depending on the trial court's ruling on the merits, briefing of the losing party's almost-certain appeal.

18. Taylor Corporation is a large company with enough assets to pay the Settlement. Accordingly, Plaintiffs did not discount the amount of the Settlement based on Defendants' ability to pay.

19. The proposed Settlement is fair and reasonable.

20. The hourly fees of Edelson Lechtzin LLP typically charges for its attorneys ranges from $825 to $1,100 per hour, which are the same rates that we would charge hourly fee-paying clients.

**Reported Hours and Lodestar**
Inception through July 5, 2024

| Timekeeper | Professional Status | Hours | Rates | Total Lodestar |
|---|---|---|---|---|
| Edelson, Marc H. | Partner | 11.4 | $1,100 | $12,540 |
| Lechtzin, Eric | Partner | 266.0 | $1,055 | $280,630 |
| Savett, Shoshana | Sr. Counsel | 235.2 | $850 | $199,920 |
| Liberato Verderame | Sr. Counsel | 16.8 | $875 | $14,700 |
| Grand Total | | 529.4 | - | $507,790 |

21. Edelson Lechtzin LLP has also expended **$11,484.48** in necessary expenses in the litigation of this matter as set forth in detail in the table below:

**Expenses Incurred**
Inception through July 5, 2024

| Expense Category | Amount Incurred |
|---|---|
| eDiscovery (Nimble Systems) | $ 827.50 |
| Electronic Research (Westlaw, PACER) | $ 1,301.25 |
| Travel | $ 3,105.73 |
| Mediator | $ 6,250.00 |
| **TOTAL EXPENSES** | **$ 11,484.48** |

22. The expenses that we seek to recover in class action cases are the same types of expenses that we charge hourly fee paying clients. Class Counsel expects to incur certain

6

additional costs in this case until the settlement proceeds are fully distributed to Class Members.

23. With respect to Plaintiffs they have been actively engaged in the litigation of this case and devoted a significant amount of time to prosecuting this case. Among other things, Plaintiffs assisted in gathering Plan documents, account statements, and other facts and materials to assist us in prosecuting this case. They have also reviewed numerous court documents and authorized their filings and regularly requested and received status updates concerning the litigation and settlement negotiations. In addition, they responded to Defendants' document requests and interrogatories.

24. Class Counsel have not received any objections to the proposed Settlement from any Class Member. I have personally spoken with dozens of Class Members about the Settlement and most Class Members have expressed gratitude to for obtaining a recovery on their behalf.

25. Class Counsel's work on this case has not ended. Class Counsel continues to expend additional hours – that are neither part of this request for fees, nor part of the lodestar figure cross-check calculations – performing work in connection with Settlement approval, including in connection with the final approval hearing, responding to Class member inquiries, and technical matters involving Settlement administration.

The foregoing is true and correct to the best of my knowledge and belief.

Executed this 8th day of July 2024, in Newtown, Pennsylvania.

*/s/Eric Lechtzin*
Eric Lechtzin