UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| JASON C. FRITTON, MAREA GIBSON, BRIAN W. MOTZENBECKER, DAWN DUFF, and CHRISTOPHER SHEARMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TAYLOR CORPORATION, the BOARD OF DIRECTORS OF TAYLOR CORPORATION, the FIDUCIARY INVESTMENT COMMITTEE, and JOHN DOES 1-30,<br><br>Defendants. | Civil Action No. 22-cv-00415<br><br>Judge Jeffrey M. Bryan<br><br>Mag. Judge Tony N. Leung |

**DECLARATION OF MARK K. GYANDOH IN SUPPORT OF PLAINTIFFS' MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF SETTLEMENT CLASS, APPROVAL OF PLAN OF ALLOCATION, AND FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES, AND FOR CASE <u>CONTRIBUTION AWARDS TO PLAINTIFFS</u>**

I, Mark K. Gyandoh, Esquire, as Class Counsel, declare as follows:

1. I am a member in good standing of the bars of the Commonwealth of Pennsylvania and State of New Jersey, and have personal knowledge of the facts set forth below and, if called as a witness, I could and would testify competently thereto.

2. I am a partner and chair of the Fiduciary Practice Group at Capozzi Adler, P.C., and have been the lead attorney for my firm in this litigation representing Plaintiffs and the proposed Settlement Class in the above-captioned action.

*Counsel's Experience*

3. I received both my J.D. (2001) and LLM in trial advocacy (2011) from Temple University School of Law. While at Temple, I was the research editor for the Temple International

1

and Comparative Law Journal. After law school I clerked for a year with the Hon. Dennis J. Braithwaite of the New Jersey State Appellate Court.

4. I have been litigating ERISA fiduciary breach lawsuits for 19 years, first at my prior firm of Kessler Topaz Meltzer & Check, LLP (KTMC), and currently at Capozzi Adler where, as noted above, I have been a partner and chair of the Fiduciary Practice Group since 2019. Over my career I have been actively involved in many high-profile ERISA class actions. For example, I was one of the lead attorneys for plaintiffs in *Fifth Third Bancorp, et al., v. Dudenhoeffer, et al.*, 573 U.S. 409, 134 S. Ct. 2459 (2014), a seminal Supreme Court decision that clarified the unwavering duties owed by fiduciaries to pension plan participants. *See* biography at https://capozziadler.com/mark-k-gyandoh-esquire/.

5. Rounding out the ERISA team are other attorneys at my office specializing in ERISA and our support staff which include paralegals and other paraprofessionals who assist in the practice. Additionally, as litigation dictates, the ERISA team avails itself of the services of the other attorneys and staff at the firm.

6. Capozzi Adler has been appointed class counsel in numerous ERISA actions, including the following matters: *Huang, et al., v. TriNet HR III, Inc., et al.*, No. 8:20-cv-2293-VMC-TGW (M.D. FL. Oct. 21, 2022) (ECF 85) (appointing Capozzi Adler as Class Counsel); *Lucas, et al., v. MGM Resorts International, et al.*, 2:20-cv-01750-JAD-NJK (D.C. NV Oct. 20, 2022) (ECF 112) (appointing Capozzi Adler as Class Counsel); *Nunez, et al., v. B. Braun Medical, Inc., et al.*, No. 5:20-cv-04195 (E.D.Pa. June 30, 2022) (ECF. 69) (appointing Capozzi Adler as Class Counsel); *Boley, et al. v. Universal Health Servs., Inc., et al.*, 2021 WL 859399 (E.D. Pa. Mar. 8, 2021) (appointing Capozzi Adler as co-lead counsel in analogous breach of fiduciary duty action).

7. In the course of prosecuting ERISA class actions such as this, I have supervised the preparation of numerous pleadings, responses to motions to dismiss, drafting of discovery requests and review of hundreds of thousands of pages of plan-related documents and related documentation, and litigated cases through the summary judgment and trial phases.

8. The firm strives to obtain the best results for class members in every circumstance. We have successfully defeated motions to dismiss similar allegations in numerous actions. *See, e.g., Kendall et al v. Pharmaceutical Product Development, LLC*, No. 7:20-cv-00071-D (ECF No. 28) (E.D.N.C. March 31, 2021) (upholding allegations that plan fiduciaries selected higher-priced identical share classes and overpaid for recordkeeping); *Davis v. Magna Int'l of America, Inc.*, 2021 WL 1212579 (E.D. Mich. March 31, 2021) (same); *Jones v. Coca-Cola Consolidated, Inc.*, No. 3:20-cv-00654-FDW-DSC (ECF No. 25) (W.D.N.C. March 31, 2021) (same); *McCool v. AHS Management Company, Inc.*, 2021 WL 826756 (M.D. Tenn. March 4, 2021) (same); *Parmer, et al. v. Land O'Lakes, Inc., et al.*, 2021 WL 464382 (D. Minn. Feb 9, 2021) (same); *In re Medstar ERISA Litig.*, 2021 WL 391701 (D. Md. Feb. 4, 2021) (same); *Silva v. Evonik Corp*. slip op. (D.N.J. Dec. 30, 2020) (same); *Pinnell, et al. v. Teva Pharmaceuticals USA, Inc., et al.*, 2020 WL 1531870 (E.D.Pa. Mar. 31, 2020); *Garnick, et al., v. Wake Forest University Baptist Medical Center, et al.*, 1:21-cv-454 (M.D.N.C.) (Sept. 21, 2022); *Huang, et al., v. TriNet HR III, Inc., et al*., No. 8:20-cv-2293-VMC-TGW (ECF 29) (M.D. FL. Oct. 21, 2022); *Peterson, et al., v. Insurance Services Office, Inc., et al., 20*-13223 (SDW) (AME) (D.N.J. Apr. 13, 2021); *Rosenkrantz, et al., v. Altru Health System,* et al., 3:20-cv-168 (D.C.N.D.) (Dec. 10, 2021) *Lucero, et al., v. Credit Union Retirement Plan Association, et al., 22*-208 (W.D.WI.) (Mar. 9, 2023); *Brown, et al., v. The Mitre Corporation, et al., 22*-10976 (Mass. Mar. 6, 2023).

9. We have also been successful at the appellate level resulting in the reversal and remand of wrongly dismissed actions. *See*, *e.g.*, *Perkins, et al., v. United Surgical Partners International, Inc.*, No. 23-10374 (5th Cir. Apr. 11, 2024) reversing district court dismissal of ERISA excessive fee action); *Kong et al. v. Trader Joe's Co.,* No. 20-56415 (9th Cir. Apr. 15, 2022) (same); *Davis et al. v. Salesforce.com. Inc. et al.*, No. 21-15867 (9th Cur. Apr. 8, 2022) (same). Conversely, we have successfully obtained affirmance of correctly decided cases. *See, e.g., Hawkins et al. v. Cintas Corp.*, No. 21-3156 (6th Cir. Apr. 27, 2022) (upholding denial of motion to compel arbitration in ERISA case)

10. My firm has also engaged in successful settlement negotiations and mediations in ERISA actions, recovering millions of dollars for its clients and class members. *See*, *e.g.*, *Buescher, et al., v. Brenntag North America, Inc., et al.*, No. 5:20-cv-00147 (E.D. Pa. 2020) (recovered $2,300,000.00 class settlement); *Pinnell, et al., v. Teva Pharmaceuticals USA, Inc., et al.*, No. 2:19-cv-05738-MAK (E.D. Pa. 2019) (settlement in the amount of $2,550,000.00 after successful mediation); *Freck v. Cerner Corp., et al.*, No. 4:20-CV-00043-BCW (W.D. Mo. 2020) (recovered $4,050,000.00 class settlement); *Gerken, et al. v. ManTech Int'l Corp, et al.*, No. 1:20-cv-01536 (E.D. Va. 2020) (recovered $1,200,000.00 class settlement).

11. Capozzi Adler also has the resources and commitment to deploy those resources on behalf of the proposed class. With three office locations, the firm has been successfully serving clients for over 25 years offering a full range of legal services.

12. Given my years of experience in this field of law, including, trying an analogous case to an unfavorable verdict for plaintiffs in *Nunez, et al., v. B. Braun Meical, Inc.*, 20-4195 (E.D. Pa. 2021), I believe the settlement achieved in this case is adequate and certainly reasonable and fair.

4

### *Class Counsel's Requested Fee and Expense Awards is Fair and Reasonable*

13. This was a vigorously prosecuted case which involved considerable time and resources investigating the action, reviewing and analyzing documents produced through informal discovery, and negotiating an excellent result for the Settlement Class at mediation.

14. Class Counsel (both my firm and Edelson Lechtzin LLP) undertook this action aware of the possibility they could be left uncompensated for their time and out-of-pocket expenses.

15. The recovery of $485,000.00 in this case was achieved through the skill, work, dedication, and effective advocacy of Class Counsel who leaned on their decades of experience with complex ERISA class action litigation of this type.

16. As payment for services rendered in achieving such a result, Class Counsel seek an award of attorneys' fees in the amount of $145,500.00 plus reimbursement of expenses reasonably incurred by Class Counsel. Class Counsel's efforts since the inception of this case has been without compensation of any kind and their fee has been wholly contingent upon the result achieved.

17. In this action, attorneys' fees equaling thirty (30%) percent of the Settlement Fund results in a fair and reasonable fee, especially given that the monetary result provides a benefit to the Settlement Class, and society has as interest that the wrongdoing alleged is prevented in the future.

18. As lead Plaintiffs' attorney for Capozzi Adler, I personally managed, delegated, and supervised the allocation of personnel and expenses employed by my firm in this case. We have aggressively, efficiently, and vigorously prosecuted this case and represented the best interest of the Plaintiffs and the participants and beneficiaries of the Plan. Over the course of the litigation, we have incurred the following expenses:

| Expense Category | Amount |
|---|---|
| Mediation | $6,500.00 |
| Westlaw and other Research | $513.03 |
| **Total** | **$7,013.03** |

19. The expenses listed above were actually incurred in the litigation of this case as reflected in the books and records of Capozzi Adler. These books and records are prepared from receipts, expense vouchers, check records, and other documents and are an accurate record of the expenses. These expenses were necessary to the prosecution and settlement of the case, and are of the type that would be billed to hourly clients of the firm.

20. The firm's hours and lodestar devoted to this matter, as of July 3, 2024 are as follows:

| Name | Position | Hourly Rate | Hours | Lodestar |
|---|---|---|---|---|
| Mark K. Gyandoh | Partner | $900 | 27.5 | $24,750.00 |
| Donald R. Reavey | Partner | $885 | 4.5 | $3,982.50 |
| James Wells | Partner | $700 | 13.3 | $9,310.00 |
| Gabrielle P. Kelerchian | Mid-Level Associate | $550 | 3.9 | $2,145.00 |
| Brandon Williams | Mid-Level Associate | $550 | 4.4 | $4,420.00 |
| Linda Gussler | Paralegal | $350 | 34.50 | $12,075.00 |
| Tina Scheetz | Paralegal | $335 | 20.9 | $7,001.50 |
| Lauren Phillips | Paralegal | $335 | 4 | $1,340.00 |
| **Total** | | | **113** | **$65,024.00** |

21. The above table is based on my firm's contemporaneous time records, and breaks out the hours and rates for each attorney, paralegal and professional staff.

22. Details and material supporting the time records and expenses referenced in this declaration are available upon the request of the Court.

23. I reviewed the time printouts to confirm both the accuracy of the entries on the printouts as well as the necessity for and reasonableness of the time commitment to the litigation. Based on this review, I believe the time reflected in my firm's lodestar calculation is reasonable in amount and was necessary for the effective and efficient prosecution and resolution of the litigation. Capozzi Adler litigated this case on a wholly contingent basis and the hourly rates shown for the attorneys and paraprofessionals at my firm are the current hourly rates for contingent matters.  As discussed below, these rates are in line with those charged by other firms in the field of nationwide ERISA class action work and have been approved by courts in numerous cases. Moreover, the rates are reasonable in comparison to the firms that defend nationwide ERISA class action cases.

24. Importantly, the time entries above do not include future time that will be spent on this case to communicate with class members and monitor Defendants' compliance with the Settlement, among other things.  It also does not include time that will be spent on preparation for and the interview with the Independent Fiduciary with respect to its review of the Settlement, or preparation for and attendance at the Fairness Hearing.

25. Without the Action, it is highly unlikely that individual claimants would have had the resources to pursue claims of this magnitude.  Protecting the retirement funds of employees, and obtaining recompense when those funds are mismanaged, is in the public interest and supports the fee award sought.

26. As discussed in the accompanying Plaintiffs' Memorandum of Law in Support of Motion for Final Approval of Settlement Agreement and Fee memorandum, as a result of diligent

7

efforts and their skill and expertise, Class Counsel was able to negotiate an excellent Settlement for the Settlement Class.

### *Capozzi Adler's Hourly Rates Compare Favorably to Their Peers*

27. For its contingency practice, Capozzi Adler charges partner rates of $700 to $900 per hour; mid-level associate rates of $550 per hour; and paralegal and professional staff rates that range from $335 to $350 per hour. More junior support staff are billed at $250 per hour. These hourly rates are commensurate with the firm's degree of skill, experience, and reputation. Each member of Capozzi Adler's Fiduciary Practice Group has the requisite experience, as described above, to command their hourly rates.

28. In the course of my 19-year nationwide ERISA practice, I have worked with most if not all firms that have a national ERISA class action practice. In my experience, while there are invariably differences in rates between different firms – and even between rates for lawyers within the same firm with the same number of years of practice – Capozzi Adler's rates are broadly in line with rates of other firms with nationwide class action practices, that have been the basis for awards of fees in courts around the country.

29. Four of these firms that I have worked for, or with, in the past recently filed declarations in support of a fee petition in *Beach, et al. v. JPMorgan Chase Bank, N.A. et al.*, No. 1:17-cv-00563 (S.D.N.Y.). Like this Lawsuit, *Beach* involved allegations that JPMorgan Chase breached its fiduciary duties under ERISA to participants in the JPMorgan Chase retirement plan. *Id.* Plaintiffs' counsel's declarations demonstrate attorneys and staff in their offices charge similar rates as Capozzi Adler.

30. My former firm KTMC, a Pennsylvania based firm like Capozzi Adler, charges partner rates that range from $700 to $920; associate rates that range from $400 to $505; paralegal

8

rates that range from $250 to $275; and professional staff rates of $250. *See* Exhibit 1 (Excerpts of KTMC declaration).

31. Nichols Kaster, PLLP, a Minnesota-based firm with a national ERISA practice, charges partner rates that range from $775 to $875; associate rates that range from $425 to $575; paralegal and professional staff rates of $250. *See* Exhibit 2 (Excerpts of Nichols Kaster declaration).

32. Keller Rohrback L.L.P., a Washington State-based firm with a national ERISA practice, charges partner rates that range from $765 to $1,035; associate rates that range from $400 to $650; and professional staff rates that range from $225 to $325. *See* Exhibit 3 (Excerpts of Keller Rohrback declaration)

33. Robbins Geller Rudman & Dowd LLP, with an office in the state of New York and a national ERISA practice, charges partner rates that range from $760 to $1,325; associate rates that range from $460 to $575; paralegal rates that range from $275 to $350; and professional staff rates that range from $290 to $295. *See* Exhibit 4 (Excerpts of Robbins Geller declaration).

34. Additionally, Capozzi Adler's rates generally compare favorably to the large, sophisticated firms that typically represent defendants in ERISA class actions.

35. The Valeo Report, a report that collected and summarized hourly rates across various firms, shows that among ERISA practice groups within the top 200 law firms in the defense bar, the 2017 hourly rate range for senior partners was $320-$1,363 (with an average of $835), for partners was $296-$1,202 (with an average of $751), and for senior associates was $238-$938 (with an average of $580). *See* Exhibit 5 (Excerpts of Valeo Report).

36. Finally, Capozzi Adler's rates have been implicitly approved by numerous courts while granting requests for fees. *See*, *e.g.*, *Diaz v. BTG Int'l, Inc.*, No. 19-cv-1664-JMY, 2021 WL

2414580 (E.D. Pa. June 14, 2021); *Pinnell v. Teva Pharmaceuticals USA, Inc.*, No. 2:19-cv-05738-MAK (ECF No. 93) (E.D. Pa. June 11, 2021); *Gerken et al. v. Mantech Int'l.* No. 1:20-cv-01356-TSE (ECF No. 41) (E.D. Va. May 21, 2021); *Harding et al. v. Southcoast Hosp. Group et al.*, No. 1:20-cv-12216-LTS (ECF. No. 51) (D. Mass. April 25, 2022).

I declare, pursuant to 28 U.S.C. §1746 and under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 9th day of July, 2024, in Merion Station, Pennsylvania.

**CAPOZZI ADLER, P.C.**

*/s/ Mark K. Gyandoh*
Mark K. Gyandoh, Esquire

***Proposed Class Counsel***