# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Jason C. Fritton, Marea Gibson, Brian W. Motzenbeeker, Dawn Duff, and Christopher Shearman, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>Taylor Corporation, the Board of Directors of Taylor Corporation, the Fiduciary Investment Committee, and John Does 1-30,<br><br>          Defendants. | Case No. 22-CV-00415 (JMB/TNL)<br><br>**FINAL APPROVAL ORDER AND FINAL JUDGMENT** |

---

Anthony Stauber, Daniel E. Gustafson, Daniel C. Hedlund, David A. Goodwin, Gustafson Gluek PLLC, Minneapolis, MN, Donald Reavey (*post hoc vice*), Capozzi Adler, PC, Harrisburg, PA, Mark K. Gyandoh (*post hoc vice*), Capozzi Adler, PC, Merion Station, PA, Eric Lechtzin (*post hoc vice*), Edelson Lechtzin LLP, Huntingdon Valley, PA, and Marc H. Edelson (*post hoc vice*), Edelson Lechtzin LLP, Newtown, PA for Plaintiffs Jason C. Fritton, Marea Gibson, Brian W. Motzenbeeker, Dawn Duff, and Christopher Shearman.

Steven C. Kerbaugh, Saul Ewing LLP, Minneapolis, MN, Emily S. Costin (*post hoc vice*), Alston & Bird LLP, Washington, DC, Margaret Ellen Saathoff (*post hoc vice*), Alston & Bird LLP, Dallas, TX, and Richard Blakeman Crohan (*post hoc vice*), Alston & Bird LLP, Atlanta, GA for Defendants Taylor Corporation, The Board of Directors of Taylor Corporation, and The Fiduciary Investment Committee.

Unrepresented, John Does 1-30.

---

This matter is before the Court on Plaintiffs Jason C. Fritton's, Marea Gibson's, Brian W. Motzenbeeker's, Dawn Duff's, and Christopher Shearman's (the "Plaintiffs") unopposed Motion for Final Approval of Class Action Settlement, Certification of

1

Settlement Class, and Approval of Plan of Allocation (Doc. No. 91) and Motion for Award of Attorneys' Fees and Reimbursement of Expenses and Plaintiffs' Case Contribution Award (Doc. No. 100).

Based on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. To the extent not otherwise defined herein, all terms shall have the same meaning as used in the Stipulation of Settlement executed on April 4, 2024 (the "Stipulation"). (Doc. No. 86-1.)

2. The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Members of the Settlement Class.

3. The Court has evaluated "(1) the merits of the plaintiff's case weighed against the terms of the settlement, (2) the defendant's financial condition, (3) the complexity and expense of further litigation, and (4) the amount of opposition to the settlement" and hereby approves and confirms the Settlement embodied in the Stipulation as being a fair, reasonable, and adequate settlement. *See Ortega v. Uponor, Inc. (In re Uponor, Ind.)*, 716 F.3d 1057, 1063 (8th Cir. 2013) (noting that a district court should consider these four factors when determining whether a class action settlement is fair, reasonable, and adequate). The Court adopts the Stipulation as its Judgment, and orders that the Stipulation shall be effective, binding, and enforced according to its terms and conditions.

4. The Court determines that Plaintiffs have asserted claims on behalf of the Taylor Corporation 401(k) Plan (the "Plan") to recover losses alleged to have occurred

because of violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA").

5. The Court determines that the Settlement, which includes the payment of $485,000 on behalf of Defendants, has been negotiated at arm's length by Class Counsel, and further finds that, at all times, Plaintiffs have acted independently and that their interests are identical to the interests of the Plan and the Settlement Class. The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

6. The Court finds that the Plan's participation in the Settlement is on terms no less favorable than Plaintiffs' and the Settlement Class's and that the Plan does not have any additional claims above and beyond those asserted by Plaintiffs that are released as a result of the Settlement.

7. The Court determines that the Settlement is not part of an agreement, arrangement, or understanding designed to benefit a party in interest, but rather is designed and intended to benefit the Plan, and the Plan participants and beneficiaries.

8. Accordingly, the Court determines that the negotiation and consummation of the Settlement by Plaintiffs on behalf of the Plan and the Settlement Class does not constitute a "prohibited transaction" as defined by ERISA §§ 406(a) or (b), 29 U.S.C. §§ 1106(a) or (b). Further, the Court finds that in light of the analysis and opinion provided by the Independent Fiduciary, to the extent any of the transactions required by the Settlement constitute a transaction prohibited by ERISA § 406(a), 29 U.S.C. §§ 1106(a),

such transactions satisfy the provisions of Prohibited Transaction Exemption 2003-39. 68 Fed. Reg. 75632 (2003).

9. The Court determines that the Class Notice transmitted to the Settlement Class, pursuant to the Preliminary Approval Order concerning the Settlement and the other matters set forth therein, was reasonably calculated, under the circumstances, to apprise all Members of the Settlement Class who could be identified through reasonable efforts of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing. Such Class Notice was reasonable and constituted due, adequate, and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement described in the Stipulation to all persons entitled to such Class Notice, and such Class Notice has met all applicable requirements of the Federal Rules of Civil Procedure, including Rule 23, the requirements of due process, and any other applicable law.

10. The Court hereby approves the maintenance of the Action as a non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1) with the Settlement Class being defined as:

> All persons, except Defendants and their immediate family members, and the Court and Court staff handling this matter, who were participants in or beneficiaries of the Plan at any time between February 14, 2016, and the Date of Preliminary Approval (*i.e.*, April 24, 2024).

The "Class Period" is defined as February 14, 2016, through April 24, 2024.

11. Pursuant to Federal Rule of Civil Procedure 23(g), the Court hereby confirms its prior appointment of Edelson Lechtzin LLP and Capozzi Adler, P.C. as co-lead counsel

and Gustafson Gluek PLLC as Plaintiffs' local counsel (collectively, "Class Counsel") and finds that Class Counsel adequately represented the Settlement Class.

12. Based on the Settlement, the Court hereby dismisses the Amended Complaint and the Action against Defendants with prejudice.

13. As of the date of Complete Settlement Approval and payment of the Settlement Amount, Plaintiffs, the Plan, and each Member of the Settlement Class on their own behalf and on behalf of their present or former agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors, and assigns, shall be deemed to have released each and all of the Releasees from the Released Claims.

14. As of the date of Complete Settlement Approval and payment of the Settlement Amount, Defendants, including their present or former agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors, and assigns, shall be deemed to have released the Plaintiff Released Parties from any claims that may have arisen out of this Action.

15. As of the date of Complete Settlement Approval and payment of the Settlement Amount, all release provisions shall be given full force and effect in accordance with each and all of their express terms and provisions, including those terms and provisions relating to unknown, unsuspected, or future claims, demands, or causes of action.  Further, Plaintiffs assume for themselves, and on behalf of the Settlement Class, and Defendants assumes the risk of any subsequent discovery of any matter, fact, or law,

5

that, if now known or understood, would in any respect have affected or could have affected any such Person's entering into the Stipulation.

16.     The Court further determines that Defendants have fully complied with the notice requirements of the Class Action Fairness Act of 2005, to the extent possible.

17.     All members of the Settlement Class and the Plan are hereby barred and enjoined from the institution and prosecution, either directly or indirectly, of any other actions in any court asserting any and all Released Claims against any and all Releasees.

18.     The litigation expenses incurred by Class Counsel in the course of prosecuting this action are reasonable.  Accordingly, Class Counsel is awarded expenses in the amount of $19,574.41, to be paid from the Settlement Fund.  The attorney's fees sought by Class Counsel in the amount of thirty percent (30%) of the common fund established in this Action are reasonable in light of the successful results achieved by Class Counsel, the monetary benefits obtained in this Action, the undesirability of the case given the substantial risks associated with the Action, the novelty and difficulty of the questions raised in the Action, the amount of time and labor expended on a wholly contingent basis and at the preclusion of other work, Class Counsel's skill and experience in class action litigation of this type, the nature and length Class Counsel's professional relationship with the Plaintiffs, and the customary fee and awards in comparable cases.  Accordingly, Class Counsel is awarded attorneys' fees in the amount of thirty percent (30%) of the common fund established in this Action, specifically $145,500.00.

19.     Plaintiffs Jason C. Fritton, Marea Gibson, Brian W. Motzenbeeker, Dawn Duff, and Christopher Shearman are hereby awarded case contribution awards in the

amount of $5,000 each because they have devoted time and efforts that contributed to the Settlement, including regularly conferring with their attorneys, reviewing discovery requests, reviewing draft responses to document requests and interrogatories, and gathering relevant documents. (Doc. Nos. 106, 107, 108, 109, 110.) *See Caligiuri v. Symantec Corp.*, 855 F.3d 860, 867–68 (8th Cir. 2017) (stating that district courts analyze "(1) actions the plaintiffs took to protect the class's interests, (2) the degree to which the class has benefitted from those actions, and (3) the amount of time and effort the plaintiffs expended in pursuing litigation" when deciding whether to grant service awards to named plaintiffs in class action suits).

20.    Class Counsel's attorneys' fees and Plaintiffs' case contribution awards shall be paid pursuant to the timing requirements described in the Stipulation.

21.    The Plan of Allocation for the Settlement Fund is approved as fair, reasonable, and adequate. *See Zilhaver v. UnitedHealth Grp., Inc.*, 646 F. Supp. 2d 1075, 1080 (D. Minn. 2009) (noting that courts have found distribution plans to be "fair and reasonable" where the settlement fund "proceeds will be distributed among class members in proportion to their calculated losses"). Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

22.    Without affecting the finality of this Judgment, the Court retains jurisdiction for purposes of implementing the Stipulation and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Stipulation

and Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

      LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  August 8, 2024                                                   /s/ *Jeffrey M. Bryan*
                                                                           Judge Jeffrey M. Bryan
                                                                           United States District Court